UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                                                                           :

**MIGUEL VICENTE**,                                                     :

                       Petitioner,      :  **MEMORANDUM DECISION AND**

                                                                 :  **ORDER**

               – against –                    :

                                                                 :  CV 21-6910 (AMD)

**SUPERINTENDENT OF EASTERN NY**       :

**CORRECTIONAL FACILITY**,

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* petitioner, currently incarcerated at Eastern New York Correctional Facility, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The petitioner pled guilty in Suffolk County Supreme Court to Criminal Sale of a Controlled Substance in the First Degree. The court rejected his motion to withdraw his plea and sentenced him as a prior felony offender to a determinate prison term of 16 years followed by 5 years of post-release supervision. The petitioner argues that the lawyer who represented him in his plea negotiations was ineffective, and that his plea was not knowing, voluntary, and intelligent. (*Id*. at 5-8.) He also claims that the trial judge did not sufficiently consider the petitioner's motion to withdraw his plea. (*Id*. at 10-12.) Finally, the petitioner claims that the felony complaints were defective, and that the prosecutor did not turn over the eavesdropping warrant in a timely fashion. (*Id*. at 17-24.) For the reasons that follow, the petition is denied.

**PROCEDURAL HISTORY**

I.  **The Petitioner's Arrest and Plea Allocution**

On March 9, 2014, the petitioner "direct[ed] another individual to sell . . . approximately 45 sleeves of heroin," and received the proceeds from that sale. (ECF No. 5 at 11-12.) The petitioner was arrested shortly thereafter and charged with Operating as a Major Trafficker, Criminal Sale of a Controlled Substance in the First Degree, and related charges. He faced a potential prison sentence of 50 years to life. (ECF No. 5-1 at 128-146.)

On June 15, 2015, the petitioner pled guilty before Judge William Condon to one count of Criminal Sale of a Controlled Substance in the First Degree. (ECF No. 5 at 16.) During the plea allocution, the petitioner stated under oath that he was satisfied with his attorney's representation, and that he was pleading guilty voluntarily:

> Judge Condon: "Have you had sufficient time to discuss your case with Ms. Angeli and is [entering a plea of guilty] what you wish to do?"
>
> The Petitioner: "Yes, sir."
>
> Judge Condon: "You're an American citizen, right?"
>
> The Petitioner: "Yes."
>
> Judge Condon: "You read and write English?"
>
> The Petitioner: "Yes."
>
> Judge Condon: "Have you consumed anything of an alcoholic or narcotic nature over the last 24 hours?"
>
> The Petitioner: "No, sir."
>
> Judge Condon: "Are you satisfied with the manner in which [Ms. Angeli] has represented you?"
>
> The Petitioner: "Yes, sir."

>Judge Condon: "As well you should be. You may have heard the shouts all the way down on the second floor this morning. She has, in my opinion, secured an incredibly fair disposition on your behalf."

(*Id*. 5-6.)

>Judge Condon: "Are you entering this plea knowingly, voluntarily and of your own free will?"
>
>The Petitioner: "Yes."
>
>Judge Condon: "Did anybody force you, threaten you, coerce you in any way in order to get you to agree to the plea?"
>
>The Petitioner: "No."

(*Id*. at 10.)  The petitioner also affirmed that he understood the rights he waived as a condition of his plea:

>Judge Condon: "By pleading guilty, you're waiving certain rights, including your right to a trial by either a jury or the Court, your right to have the People produce evidence, prove your guilt beyond a reasonable doubt, your right to have your lawyer cross-examine the People's witnesses, your right to testify at that trial or to remain silent and not have that silence held against you, as well as your right to call witnesses or to submit evidence on your behalf, should you and Ms. Angeli had chosen to do that.  You understand, by pleading guilty, you are giving up and waiving each and every one of those rights?"
>
>The Petitioner: "Yes."
>
>Judge Condon: "Alright.  In addition to those rights, you also have a right to appeal your conviction and sentence to a higher Court; however, in exchange for the conditional sentence that I am promising you, that being a determinate sentence of 16 with five years post-release supervision, you are giving up and waiving any right you might have to appeal this plea, your sentence or any prior rulings that may have been made in your case.  Have you discussed this waiver of your appellate rights with Ms. Angeli and are you waiving those rights voluntarily?"
>
>The Petitioner: "Yes."

(*Id*. at 6-7.)

The petitioner then executed a "Waiver of Right to Appeal," and affirmed that he reviewed it with his attorney:

3

>The People: "Prior to signing this document, did you have an opportunity to review it with Ms. Angeli?"
>
>The Petitioner: "Yes."
>
>The People: "Did she answer any questions that you might have had regarding waiving your right to appeal?"
>
>The Petitioner: "Yes."
>
>The People: "Are you satisfied with the answers that she provided to you?"
>
>The Petitioner: "Yes."
>
>The People: "Do you understand that the word 'waive' means to give up?"
>
>The Petitioner: "Yes."

(*Id*. at 13-14.)

>The petitioner also made a factual allocution to the charge:
>
>The People: "I would like to direct your attention to March 9th of 2014 . . . did you direct another individual to sell . . . approximately 45 sleeves of heroin to [codefendant], who was acting in concert with [codefendant] on your behalf."
>
>The Petitioner: "Yes."
>
>The People: "Did you also instruct that other individual to collect a sum of United States currency for the 45 sleeves of heroin?"
>
>The Petitioner: "Yes."
>
>The People: "Was that sum of United States currency returned to you within the confines of your home . . . ?"
>
>The Petitioner: "Yes."
>
>The People: "Were you aware that it is unlawful to sell heroin?"
>
>The Petitioner: "Yes."
>
>The People: "Were you aware that what you possessed was in fact heroin?"
>
>The Petitioner: "Yes."

>The People: "Were you also aware that [codefendants], although they picked up those narcotics in Queens County . . . that they were to be immediately delivered to Suffolk County for redistribution and sale by [the codefendants] within the confines of Suffolk County?"
>
>The Petitioner: "Yes."

(*Id*. at 11-12.)

## II. The Petitioner's Motion to Vacate His Plea and Sentencing

Shortly after his plea, the petitioner moved to vacate the plea, claiming that: (1) prosecutors did not disclose search warrant and wiretap affidavits; (2) he did not have an opportunity to review the wiretap evidence; (3) his lawyer did not file motions or engage in discovery; (4) he had a possible "geographical jurisdiction" defense because he "never came into Suffolk County"; (5) he had repeatedly said that he wanted a trial, including immediately after he pled guilty, and "could not have made an informed decision without some investigation." (*Id*. at 21-26.)

The prosecutor responded that she "conducted voluntary discovery within the first month [of receiving the case]" and that "everything . . . [they] had was turned over," including "the search warrants, the affidavits, the wiretaps, the photographs, [and] the surveillance." (*Id*. at 25.) The prosecutor also cited the petitioner's sworn statements at the plea allocution that he was satisfied with counsel's representation. (*Id.* at 25-26.) Judge Condon denied the motion and sentenced the petitioner to a determinate term of sixteen years with five years of post-release supervision. (*Id*. at 32-33.)

## III. Post-Sentencing Motions

On June 21, 2016, the petitioner filed his first Criminal Procedure Law (CPL) §440.10 motion, raising the same arguments he makes in this petition: "ineffective assistance of counsel and [that] his plea was not knowing, voluntary, and intelligent . . . that his attorney did not

5

adequately investigate the case, file motions, request discovery, or review wiretaps with him . . . [and] a geographical jurisdictional defect." (*Id.* at 275.)

Judge Condon denied the motion, observing that the petitioner's claims were "belied by the record." (*Id*. at 275.) Judge Condon found that counsel was not ineffective under state or federal law: "It is well established that where a defendant, on the advice of counsel, has entered a plea of guilty and reaped the benefits of a favorable plea bargain which substantially limits his exposure to imprisonment, he has received adequate representation." (*Id*. at 278.) Judge Condon also found that the petitioner's statements at the plea allocution demonstrated that his plea was knowing and voluntary. (*Id*. at 278-79). Finally, Judge Condon rejected the petitioner's geographical jurisdiction argument because the petitioner admitted at the plea hearing that he knew that the drugs would be distributed in Suffolk County. (*Id*. at 279-80.)[1]

On May 6, 2018, the petitioner, represented by counsel, appealed his conviction to the Appellate Division, Second Department, asserting that: (1) he was deprived the effective assistance of counsel under the Sixth Amendment and under the "more generous" state law standard; (2) his guilty plea was not knowing, voluntary, and intelligent; and (3) the court did not "investigate" the merits of the petitioner's motion to withdraw his plea. (*Id.* at 302-354.) Alternatively, the petitioner requested that the Appellate Division reduce his sentence to ten years "[i]n the interest of justice," because 16 years was "unduly harsh." (*Id.* at 352-354.)

On December 19, 2018, the Appellate Division affirmed the conviction, holding that when "a defendant pleads guilty, he or she forfeits appellate review of any claim of ineffective assistance of counsel that does not directly involve the plea negotiation process . . . ." (*Id. at*

---

[1] On April 26, 2017, the Appellate Division consolidated the petitioner's direct appeal from the July 24, 2015, judgment, with the petitioner's appeal from the denial of his his first CPL §440.10 motion. (ECF No. 5 at 371.)

6

553-554.) The Appellate Division determined that the record of the plea proceeding refuted the petitioner's claims that his plea was involuntary, as well as his claim that his lawyer was ineffective. (*Id*. at 554.) On March 12, 2019, the New York Court of Appeals denied the petitioner's application for leave to appeal. (*Id*. at 612.)

The petitioner, represented by counsel, filed a second CPL §440.10 motion on August 17, 2020.[2] The petitioner alleged that: (1) "[t]he felony complaints were so deficient that the Court failed to acquire the requisite jurisdiction over the defendant;"[3] (2) "the People failed to disclose the eavesdropping warrants and applications to support these warrants;" (3) he "received ineffective assistance of counsel when pleading guilty;" and (4) "the Court erred in denying defendant's request to withdraw his guilty plea on July 24, 2015." (ECF No. 5-1 at 237-240.)

Judge Richard Horowitz denied the motion, concluding that the petitioner did not raise his claim about the felony complaint on direct appeal or in his earlier CPL §440.10 motion, even though that argument had been available to him. (*Id*. at 238.) He found the latter three grounds were also procedurally barred, because the petitioner raised them and they were rejected. (*Id*. at 239-240.) The Appellate Division denied the petitioner's application for leave to appeal on June 2, 2021, (ECF No. 5-2 at 310), and denied his motion to reargue on January 3, 2022. (*Id*. at 391.)

On November 16, 2021,[4] the petitioner, proceeding *pro se*, mailed the instant habeas petition in which he largely renews his arguments on direct appeal and in the CPL §440.10

---

[2] The petitioner tried to file this motion in March 2020—at the onset of the COVD-19 pandemic—but it was never filed officially, probably because of an administrative error. (ECF No. 5-1 at 2-3.)

[3] The petitioner's jurisdictional argument based on the sufficiency of the felony complaints is different than the geographical jurisdiction argument in the petitioner's raised first CPL §440.10 motion. (ECF No. 5-1 at 36.)

[4] This petition is timely because the limitations period was tolled while the petitioner's state motions were pending.

7

motions: that his lawyer was ineffective, that his plea was not knowing, voluntary, and intelligent, that the judge should not have denied his motion to withdraw his plea, and the prosecutor violated discovery obligations. (ECF No. 1.)

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal court reviewing a state prisoner's habeas petition to give deference to a state court's decision on the merits. 28 U.S.C. §2254(d); *Chrysler v. Guiney*, 806 F.3d 104, 116-17 (2d Cir. 2015). The federal court may not issue a writ of habeas corpus unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*.; *see also Johnson v. Williams*, 568 U.S. 289, 292 (2013).

For the purposes of federal habeas review, "clearly established law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). It does not include principles of constitutional law grounded solely in the holdings of courts of appeals or refinements of general principles of Supreme Court precedent into specific rules. *See Jackson v. Conway*, 763 F.3d 115, 134 (2d Cir. 2014) ("[W]e must scrupulously avoid using our decisions (or those of other circuits) to 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that the Court has not announced.'") (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) and citing *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam)).

A state court decision is "contrary to" or an "unreasonable application of" clearly established law if the decision: (1) is contrary to Supreme Court precedent on a question of law;

(2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Williams*, 529 U.S. at 412-13.  In assessing whether a state court decision involves an unreasonable application of clearly established federal law, the question is "whether the state court's application . . . was objectively unreasonable," rather than merely incorrect.  *Id*. at 409-10.  A state court prisoner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

A petitioner can seek federal habeas corpus relief only after he exhausts state court remedies and gives the state courts a fair and full opportunity to review the merits of the claim. 28 U.S.C. §2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  In other words, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson*, 763 F.3d at 133 (citations omitted).

## DISCUSSION

### I. Effective Assistance of Counsel and the Petitioner's Plea

Because the petitioner is proceeding pro se, I read his petition "liberally and interpret it as raising the strongest arguments it suggests." *Garcia v. City of New York*, 2013 U.S. Dist. LEXIS 5998, at *4 (E.D.N.Y. Jan. 14, 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Read liberally, the petition raises two claims: that his lawyer was ineffective because she did not properly investigate the case before the plea and because she did not inform the petitioner "of the evidence or lack of evidence against him," rendering his plea involuntary.  (ECF No. 1 at 7.)

9

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also LaRosa v. Kirkpatrixk*, 2019 U.S. Dist. LEXIS 57314, at *21 (E.D.N.Y. March 31, 2019) ("[A] 'petitioner's unconditional guilty plea waive[s] all claims of ineffective assistance of counsel relating to events prior to the guilty plea that did not affect the voluntariness of his plea.'") (quoting *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005)). In this case, the petitioner waived his claims about the adequacy of his lawyer's pre-pleading investigation when he pled guilty.

The petitioner's claim that his lawyer's failings made his plea involuntary is reviewable. *See Tollett*, 411 U.S. at 266 ("The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity.") "A claim that a guilty plea was involuntary due to ineffective assistance of counsel must be evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *Altman v. United States*, 2001 U.S. Dist. LEXIS 8044, at *4-5 (S.D.N.Y. June 19, 2001) (cleaned up).

Since the Appellate Division rejected the same claim on the merits, AEDPA deference applies. (ECF No. 5 at 554) ("[[T]he petitioner's] contention that he was coerced into pleading guilty as a result of ineffective assistance by his former counsel is belied [by his] statement's during the plea proceeding . . . ."). Thus, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Rosas v. Artus*, 2013 U.S. Dist. LEXIS 18755, at *11 (S.D.N.Y. Jan. 29, 2013) (quoting *Knowles v. Mirzayance*, 556 U.S.

10

111, 123 (2009)). The petitioner cannot satisfy the *Strickland* test, or show that the state court applied *Strickland* "in an objectively unreasonable manner." *Contant v. Sabol*, 987 F. Supp. 2d 323, 329-30 (S.D.N.Y. 2013) ("Where, as here, a petitioner seeks habeas review of an ineffective-assistance-of-counsel claim under the test announced in *Strickland*, review is 'doubly deferential.'") (citations omitted).

A petitioner claiming ineffective assistance of counsel must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

Under the prejudice prong, the petitioner must prove that the "attorney's errors resulted in prejudice to the defendant." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010).[5] "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "[E]ven objectively unreasonable errors on the part of counsel will not result in setting aside a judgment in a criminal proceeding if the errors can be shown to have had no effect on the judgment." *Diaz v. Marshall*, 2011 LEXIS 75829 at *26 (E.D.N.Y. July 14, 2011) (quoting *Strickland*, 466 U.S. at 691).

To demonstrate prejudice, a petitioner who has pled guilty must show that additional investigation "would have led counsel to change [her] recommendation as to the plea." *Johnson v. Taylor*, 2010 U.S. Dist. LEXIS 68921, at *13 (E.D.N.Y. July 8, 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In most cases, the "only advantage" of going to trial instead

---

[5] "The performance and prejudice prongs of *Strickland* may be addressed in either order, and '"if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."' *Miller v. New York*, 275 F. Supp. 2d 294, 298 (E.D.N.Y. 2003) (quoting *Strickland*, 466 U.S. at 697).

11

of pleading guilty is the "possibility of acquittal;" thus, a petitioner does not satisfy this standard unless he shows that the chance of acquittal or conviction of lesser charges was "sufficiently high." *Cuevas v. United States*, 2012 U.S. Dist. LEXIS 115368, at *29 (S.D.N.Y. Aug. 16, 2012), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 24710 (S.D.N.Y. Feb. 22, 2013).

The petitioner's claims do not establish prejudice. Had the petitioner been convicted after trial, he faced a sentence of from 50 years to life in prison. His attorney negotiated a plea to a less serious charge with a promised determinate sentence of 16 years. The petitioner argues that he was "never informed of the evidence or lack of evidence against him," (ECF No. 1 at 7,) and that he did not see the search warrants or the wiretaps, (ECF No. 6 at 2-3,) but does not allege that he was innocent or that there was exculpatory evidence. On the contrary, he admitted during the plea allocution that he delivered heroin to his associates in Queens, directed those associates to sell the heroin in Suffolk County, and then kept the proceeds of those sales at his home in Brooklyn. (ECF No. 5 at 13-14.) The Appellate Division's rejection of the petitioner's claim was not contrary to or an unreasonable application of clearly established law.

There is no other basis for the petitioner's claim that his plea was involuntary. In the Second Circuit, "[a] plea is 'intelligent' and 'voluntary' when a defendant had the advice of counsel, understood the consequences of his plea and the plea was not physically or mentally coerced." *Heron v. New York*, 1999 U.S. Dist. LEXIS 18907, at *12 (S.D.N.Y. December 8, 1999) (citing *Parke v. Raley*, 506 U.S. 20, 29 (1992)). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The record reflects that the petitioner's plea was knowing and voluntary. He affirmed that he was pleading

12

guilty knowingly and voluntarily, that no one threatened or coerced him to agree to the plea, and that he was not under the influence of alcohol or any other narcotics.

## II. Whether the Sentencing Court was Required to "Inquire Further" into the Petitioner's Motion to Withdraw His Plea

Next, the petitioner asserts that the court should have "inquire[d] further, at sentencing" (ECF No. 1 at 10,) and, presumably, granted him an additional hearing on his motion to withdraw his plea, because his "recitation of the facts underlying the crime . . . cast[] significant doubt upon [his] guilt." (ECF No. 1 at 10.)

On direct appeal, the petitioner asserted that he was denied due process because the sentencing court did not "inquire further" to ensure his guilty plea was "knowing and voluntary and intelligent" given the petitioner's statements which "cast[] significant doubt" upon his guilt. (ECF No. 5 at 304.) The Appellate Division held this claim was not preserved for appellate review, "since the defendant failed to move to withdraw his plea on that ground" as required under CPL §470.05[2]. (*Id*. at 554.) The Appellate Division concluded in any event that the petitioner's contention was "without merit." (*Id.*)

The Appellate Division's finding that the petitioner's claim was unpreserved is an independent and adequate state procedural ground that bars federal review. *McPherson v. Keyser*, 2021 U.S. App. LEXIS 29365, at *4 (2d Cir. Sept. 29, 2021) ("The New York courts' application of their rules regarding the preservation of legal issues for appellate review in criminal cases—codified at N.Y. Crim. Proc. Law § 470.05[2]—constitute independent and adequate state grounds for their rejection of [the defendant's underlying] claim."). "This is true even where [. . .] the state court 'reach[es] the merits of a . . . claim in an alternative holding.'" *Id*. (quoting *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990).

Accordingly, the petitioner's claim is unreviewable "unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Because the petitioner has not demonstrated cause for the procedural default, "this Court need not decide whether [he] suffered prejudice." *Walter v. Superintendent*, 2008 U.S. Dist. LEXIS 68561, at *28-9 (N.D.N.Y. Sept. 4, 2008). Moreover, the fundamental miscarriage of justice exception is an equitable doctrine reserved for a "narrow class of truly extraordinary cases," namely, those petitioners who submit "credible and compelling claims of actual innocence." *Hyman v. Brown*, 927 F.3d 639, 643, 656 (2d Cir. 2019) (citing *House v. Bell*, 547 U.S. 518, 536 (2006)). The petitioner makes no such claim.

### III.   The Factual Foundations of the Felony Complaint Were Insufficient

The petitioner also maintains that that the "criminal court did not acquire control over [his] person at arraignment" because the felony complaint was deficient. (ECF No. 1 at 17.) The state court rejected this argument as "procedurally barred" when the petitioner raised it in his second CPL §440.10 motion because it "could have been presented within the defendant's prior Criminal Procedure Law §440 motion." (ECF No. 5-2 at 36.) Subsequently, the Appellate Division denied leave to appeal. (*Id.* at 310.)

"[A] procedural waiver under state law [that is] sufficient to prevent review of the defendant's substantive claim in the state courts also constitutes an independent state ground that bars federal consideration of the substantive claim on habeas corpus." *Gonzalez v. Sullivan*, 934 F.2d 419, 421 (2d Cir. 1991). "Numerous courts in this Circuit have concluded that a state court denial based upon CPL § 440.10(3)(c) constitutes an adequate and independent state law ground,

14

which forecloses federal habeas corpus review." *Steward v. Graham*, 2007 U.S. Dist. LEXIS 101402, at *19-20 (N.D.N.Y. Jul. 23, 2007). Therefore, Judge Horowitz's decision is an independent and adequate state procedural ground to deny his claim unless, as explained above, the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The petitioner has not demonstrated cause for the procedural default, so, "this Court need not decide whether [he] suffered prejudice." *Walter v. Superintendent*, 2008 U.S. Dist. LEXIS 68561, at *28-9 (N.D.N.Y. Sept. 4, 2008). The petitioner explains that "[he] found out about the issue after [his] direct appeal was over and decided already," (ECF No. 18,) but that is not sufficient to show cause. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.*

As explained above, this case does not fall within the "narrow class of truly extraordinary cases" of petitioners who submit "credible and compelling claims of actual innocence." *Hyman v. Brown*, 927 F.3d 639, 643, 656 (2d Cir. 2019) (citing *House v. Bell*, 547 U.S. 518, 536 (2006)).

**IV.     The Failure to Disclose Warrant Materials**

Last, the petitioner argues that the prosecutor "failed to turn over eavesdropping warrant and application . . . within fifteen (15) days of arraignment of indictment" in violation of CPL §700.70. (ECF No. 1 at 21.)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S.

15

62, 68 (1991).  Because the petitioner is claiming a violation of CPL §700.70, a state discovery law governing disclosure of intercepted communications, it is not cognizable on habeas review. *See McWilliams v. New York*, 2011 U.S. Dist. LEXIS 23402, at *19-22 (W.D.N.Y. Mar. 8, 2011).

To the extent the petitioner means to make constitutional claims about the warrants, he waived those claims when he pled guilty.  "The law is well settled that a guilty plea precludes habeas review of 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *McBride v. Larkin*, 2013 U.S. Dist. LEXIS 58765, at *14 (quoting *Tollett*, 411 U.S. at 267).  Furthermore, the Supreme Court has been explicit: "'there is no general constitutional right to discovery in a criminal case, and *Brady*,' which addressed only exculpatory evidence, 'did not create one.'" *Gray v. Netherland*, 518 U.S. 152, 168 (1996) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).  The petitioner's claim is denied.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus is denied in its entirety.  The case is dismissed.  A certificate of appealability will not be issued.  *See* 28 U.S.C. § 2553(c).

**SO ORDERED.**

                                                            s/Ann M. Donnelly

                                                     **ANN M. DONNELLY**
                                                     United States District Judge

Dated:  Brooklyn, New York
        June 1, 2023